**Electronically Filed
Supreme Court
SCAD-22-0000319
24-JUN-2022
09:58 AM
Dkt. 13 ORD**

SCAD-22-0000319

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

NATHAN W.S. CHOI, (HI bar #7265),
Respondent.

_____

ORIGINAL PROCEEDING
(ODC Case No. 21-0283)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of the June 16, 2022 response and motion for oral argument, filed by counsel for Respondent Attorney Nathan W.S. Choi, to this court's May 18, 2022 Notice and Order, issued pursuant to Rule 2.15 of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), and the record in this matter, we note that, on November 12, 2021 Respondent Choi admitted he was aware of the allegations against him in Washington State, stated that he voluntarily chose to permanently resign from the Washington State bar rather than contest those allegations, and agreed to seek to resign permanently from the

practice of law in all other states and jurisdictions in which he was admitted.  We note that one of those jurisdictions in which Respondent Choi is currently licensed is the State of Hawai'i, and further note Respondent Choi's current efforts to collaterally attack the effect of his Washington State resignation rather than to seek to resign his Hawai'i license, efforts which are contrary to the steps he agreed to undertake in the November 17, 2021 Notice of Resignation in Lieu of Discipline.  We note that a resignation in lieu of discipline in Washington State, pursuant to Rule 9.3(b)(8) of the Washington State Rules for Enforcement of Lawyer Conduct (ELC), subjects the attorney to all restrictions that apply to a disbarred lawyer, and that Choi acknowledged, pursuant to ELC Rule 9.3(b)(4)(D), that his resignation could be treated as a disbarment in this jurisdiction, and so conclude his resignation is equivalent to a disbarment for disciplinary purposes, and further conclude that the allegations against Respondent Choi, if established, would warrant similar discipline in this jurisdiction.  Finally, we acknowlege the motion filed June 20, 2022 by the Office of Disciplinary Counsel, seeking leave to file a reply memorandum if this court concluded further proceedings in this jurisdiction were warranted.  Therefore,

IT IS HEREBY ORDERED that the motion for further proceedings, including oral argument, is denied.

IT IS FURTHER ORDERED that Respondent Choi is reciprocally disbarred in this jurisdiction, effective 30 days after the entry date of this order.

IT IS FURTHER ORDERED that ODC's motion for leave to file a reply memorandum is denied as moot.

DATED: Honolulu, Hawaiʻi, June 24, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



3